IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DOUGLAS E. HUMPHREY,                :
                                    :
          Plaintiff                 :
                                    :
     v.                             :    CIVIL NO. 3:CV-12-374
                                    :
BASIL L. MERENDA, ET AL.,           :    (Judge Conaboy)
                                    :
          Defendants                :

_____

**MEMORANDUM**
**Background**

     Douglas E. Humphrey, an inmate presently confined at the
Fayette State Correctional Institution, LaBelle, Pennsylvania (SCI-
Fayette), initiated this pro se civil action.  Doc. 1, p. 1.  Named
as Defendants are Secretary Basil L. Merenda and Assistant Counsel
Martha H. Brown of the Pennsylvania Department of State.  The
required filing fee has been paid.

     According to the Complaint, Plaintiff filed various
commercial documents including a security agreement on October 12,
2006 in Olympia, Washington, Albany, New York, and Washington D.C.
Humphrey next states that on or about April, 2009 bonds were issued
with respect to a criminal case in which he was a defendant.
Plaintiff notes that bonds were also issued in regards to an
unsuccessful habeas corpus action which he previously brought
before this Court.  See Doc. 1, ¶ 9.

     After conducting an investigation into those purported
occurrences, Humphrey states that he "initiated a private

1

independent administrative process ... via certified mail sent to an agent of the Commonwealth of Pennsylvania" on October 30, 2009. Id. at ¶ 11.  The agent allegedly failed to either rebut or agree to the contents of said submission.

Plaintiff adds that on September 30, 2010 he filed a related 134 page "inter parties agreements" with the New York State Department of State.  Id., ¶ 14.  According to the Complaint, Humphrey filed a copy of that submission with Secretary Merenda on November 3, 2010.  However, Humphrey's filing was rejected one day later on the basis that the filing office was unable to read or decipher the information contained therein.  See id., ¶ 17.

On March 23, 2011, Plaintiff initiated an action with the Pennsylvania Supreme Court seeking mandamus type relief and presumably alleging that Secretary Merenda acted in an unconstitutional manner and failed to perform a non-discretionary duty by rejecting his aforementioned filing.  Assistant Counsel Brown successfully represented Secretary Merenda in that proceeding.  See id. at ¶ 20.

Count I of the pending Complaint asserts that Defendant Merenda violated Plaintiff's civil rights under the Pennsylvania Constitution by failing to fulfill his duty of protecting Humphrey's personal property by rejecting the inter parties agreements.

Count II asserts civil rights claims under the United States Constitution.  Specifically, Plaintiff contends that Secretary Merenda's conduct violated his constitutional rights in that the

Defendant failed to give full faith and credit to his filing and improperly retained the filing fee.

Count III raises civil rights claims against Secretary Merenda and Attorney Brown pursuant to 42 U.S.C. § 1983.  It is alleged that Plaintiff was subjected to unfair business practices, discrimination, and improperly deprived of his personal and private property.  Count IV alleges that Humphrey was subjected to discrimination and retaliation as the result of a conspiracy between the Defendants as contemplated under 42 U.S.C. § 1985. Count V raises state tort law claims against both Defendants.

As relief, Humphrey requests an award of compensatory and punitive damages, declaratory and injunctive relief, including a permanent injunction directing that Defendants be compelled to given full faith and credit to the submissions he filed with the Pennsylvania Secretary of State.

## **Discussion**

As previously noted, Plaintiff has paid the required filing fee.  28 U.S.C. § 1915A  provides in pertinent part:

> (a)  **Screening.** -- The court shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b)  **Grounds for dismissal.** -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -

>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

>> (2) seeks monetary relief from a defendant who is immune from such relief.

A district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327-28 (1989); <u>Douris v. Middleton Township</u>, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." <u>Roman v. Jeffes</u>, 904 F.2d 192, 194 (3d Cir. 1990) (quoting <u>Sultenfuss v. Snow</u>, 894 F.2d 1277, 1278 (11th Cir. 1990)).

Mandamus releif

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of <u>in</u> <u>forma</u> <u>pauperis</u> claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." <u>Deutsch v. United States</u>, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992).

## **Mandamus Relief**

In a prior, similar action filed by Humphrey with this Court it was noted that he could not obtain mandamus type relief against a Pennsylvania state official in federal court. Consequently, pursuant to reasons previously explained to the Plaintiff any

pending request by him for mandamus type relief against the
Pennsylvania state officials named as defendants in this matter is
subject to dismissal without prejudice for lack of jurisdiction.
See Brown v. Beard, Civ. No. 4:CV-09-0136, 2009 WL 498630, at *2
(M.D. Pa. Feb. 25, 2009)(McClure, J.).

**Emotional Injury**

        Plaintiff indicates that he is in part requesting an award
of monetary damages for mental distress.  See Doc. 1, p. 17, ¶ 4.
42 U.S.C. § 1997e(e) provides that "[n]o federal civil action may
be brought by a prisoner confined in a jail, prison or other
correctional facility, for mental or emotional injury suffered
while in custody without a prior showing of physical injury."  In
Allah v. Al-Hafeez, 226 F.3d 247, 250 (3d Cir. 2000), the United
States Court of Appeals for the Third Circuit recognized that where
a plaintiff fails to allege actual injury, Section 1997e(e) bars
recovery of compensatory damages.  However, the Court of Appeals
added that an inmate alleging a violation of his or her
constitutional rights may still pursue the action to recover
nominal and/or punitive damages even in the absence of compensable
harm.

        Under the standards announced in Allah and Section 1997e(e),
since there has been no showing that Plaintiff suffered any
physical injury, Humphrey's civil rights claims which assert
violation of his constitutional rights and seek in part an award of
compensatory damages can proceed only to the extent that they seek
non-compensatory damages.  See Ostrander v. Horn, 145 F. Supp. 2d
614, 618 (M.D. Pa.  2001).

**Full Faith and Credit/Unfair Business Practice**

Plaintiff raises a vague claim that Defendants violated his constitutional rights by not affording his 134 page "inter parties agreements" full faith and credit.  Doc. 1, ¶ 14.  He similarly contends that said conduct constituted an unfair business practice. It is initially noted that a copy of said agreement has not been submitted to this Court for consideration.

Second, based upon an application of the standards set forth in Deutsch and Denton to a liberal reading of Humphrey's Complaint there are simply no facts set forth which could arguably support a claim that the Defendants' alleged rejection of Plaintiff's submission was unconstitutional.  This determination is bolstered by the determination by the Pennsylvania Supreme Court which apparently upheld the legality of the rejection of Plaintiff's filing as well as the fact that portions of the pending Complaint are set forth in an indiscernible manner.

**Conspiracy**

As previously noted Plaintiff claims that Defendants engaged in a conspiracy to violate his civil rights.  In order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations.  D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992), cert. denied, 506 U.S. 1079 (1993); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989).  The Third Circuit Court of Appeals has further noted that "[a] conspiracy claim must . . . contain supportive factual allegations." Rose, 871 F.2d at 366.  Moreover, "[t]o plead

conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1166 (3d Cir. 1989).

The essence of a conspiracy is an agreement or concerted action between individuals. See D.R. by L.R., 972 F.2d at 1377; Durre, 869 F.2d at 545. Consequently, a plaintiff must allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. Id.; Rose, 871 F.2d at 366; Young, 926 F.2d at 1405 n.16; Chicarelli v. Plymouth Garden Apartments, 551 F. Supp. 532, 539 (E.D. Pa. 1982). Where a civil rights conspiracy is alleged, there must be some specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir. 1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation. Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991).

Viewing the Complaint in the light most favorable to Plaintiff, it is clear that he has failed to state a viable conspiracy claim against Defendants. There are simply no averments of fact in the Complaint that reasonably suggest the presence of an agreement or concerted activity between Defendants to violate Plaintiff's civil rights.

**Access to the Courts**

Inmates have a constitutional right of meaningful access to law libraries, legal materials or legal services. <u>Bounds v. Smith</u>, 430 U.S. 817, 821-25 (1977). The United States Supreme Court in <u>Lewis v. Casey</u>, 518 U.S. 343, 351-54 (1996), clarified that an inmate plaintiff, in order to set forth a viable claim under <u>Bounds</u>, must demonstrate that a non-frivolous legal claim being pursued in the courts had been frustrated or was being impeded. A plaintiff must also allege an actual injury to his litigation efforts.

Based upon a review of the Complaint, Plaintiff raises no contention that his pursuit of a non-frivolous legal claim was frustrated or impeded due to any conduct attributed to any of the Defendants. The claim that Attorney Brown successfully defended a mandamus action filed by Humphrey in Pennsylvania state court does not support a constitutional claim against said Defendant under the criteria set forth in <u>Lewis</u>. Likewise, frustrated  in light of the determination by the Pennsylvania Supreme Court that Merenda did not err by rejecting Humphrey's filing, any related access to the court claims does not satisfy the non-frivolous legal claim requirement of <u>Lewis</u>. Accordingly, under the standards announced in <u>Lewis</u>, the Complaint to the extent that it is seeking to assert a denial of access to the courts claim is subject to dismissal.

**Loss of Personal Property**

Humphrey also asserts that he was subjected to an improper loss or deprivation of personal property. A civil rights claim also cannot be brought to vindicate a prisoner's right to property

when the deprivation occurs as a result of a tortious and unauthorized act where an adequate remedy exists to compensate those who have suffered tortious loss at the hands of the state. Parratt v. Taylor, 451 U.S. 527, 543-544 (1981).  The United States Supreme Court has extended Parratt to include intentional deprivations of property, holding that where a prisoner has an adequate post-deprivation remedy under state law for any loss suffered to his property, a civil rights claim is not available. Hudson v. Palmer, 468 U.S. 517, 532-533 (1984).  Consequently, regardless of whether the deprivation of property was the result of intentional or negligent conduct, a plaintiff may not obtain relief via a civil rights complaint if he or she has adequate alternative remedies.

Humphrey can assert a loss of property claim in Pennsylvania state court.  Since Plaintiff has a state court remedy available to him, his claim of improper deprivation of personal property will not be entertained under § 1983.

**Discrimination**

Plaintiff also generally describes the actions of the Defendants as being discriminatory.  A litigant seeking to establish a viable equal protection claim must show an intentional or purposeful discrimination. Wilson v. Schillinger, 761 F.2d 921, 929 (3d Cir. 1985), cert. denied, 475 U.S. 1096 (1986).  However, the Equal Protection Clause "does not deny to States the power to treat different classes of persons in different ways."  Reed v. Reed, 404 U.S. 71, 75 (1971).  The Court of Appeals for the Third Circuit has observed that the Equal Protection Clause "is not a

9

command that all persons be treated alike but, rather, 'a direction that all persons similarly situated should be treated alike.'" Artway v. Attorney Gen., 81 F.3d 1235, 1267 (3d Cir. 1996) (quoting City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985)); see also Kuhar v. Greensburg-Salem Sch. Dist., 616 F.2d 676, 677 n.1 (3d Cir. 1980) ("An equal protection claim arises when an individual contends that he or she is receiving different treatment from that received by other individuals similarly situated.").

Based upon a review of the Complaint there is no viable assertion by Humphrey that he is being treated differently from similarly situated individuals on the basis of his race, religious beliefs, or some other impermissible reason.  There are simply no factual averments alleged which could support a claim that the Defendants engaged in actions which intentionally discriminated against Humphrey.  Based on the standards announced in Wilson and Artway, a viable equal protection claim is not set forth in the Complaint.

**Retaliation**

Count IV of the Complaint asserts a vague allegation that defendants subjected him to retaliation.

To establish a Section 1983 retaliation claim, a plaintiff bears the burden of satisfying three (3) elements.  First, a plaintiff must prove that he was engaged in a constitutionally protected activity.  Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).  Second, a prisoner must demonstrate that he suffered some "adverse action."  (Id.)(quoting Allah v. Seiverling, 229 F.3d 220,

10

225 (3d Cir. 2000)).  This requirement is satisfied by showing adverse action "sufficient 'to deter a person of ordinary firmness' from exercising his First Amendment rights."  (Id.)(quoting <u>Suppon v. Dadonna</u>, 203 F.3d 228, 235 (3d Cir. 2000)).  Third, a prisoner must prove that "his constitutionally protected conduct was 'a substantial or motivating factor' in the adverse action.  <u>Rauser</u>, 241 F.3d at 333-34(quoting <u>Mount Health Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 287 (1977)).[1]  <u>See</u> <u>Lape v. Pennsylvania</u>, 157 Fed. App'x. 491, 498 (3d Cir.  2005).

Based upon a revierw of the Complaint there are simply no facts which could support a claim that the rejection of Plaintiff's submission by the Defendants was undertaken in retaliation for Humphrey's prior engagement in a constitutionally protected activity.

**Pendent Jurisdiction**

Finally, it is well settled that federal courts have jurisdiction over state claims which are related to the federal claims and result from a common nucleus of operative facts.  <u>See United Mine Workers v. Gibbs</u>, 383 U.S. 715, 725 (1966); <u>Aldinger v. Howard</u>, 427 U.S. 1, 9 (1976).  Supplemental jurisdiction may be declined over a claim when the court has dismissed all claims over which it has original jurisdiction.  <u>See</u> 28 U.S.C. § 1367(c)(3) (1997).  When rendering a determination regarding pendent jurisdiction district courts should consider judicial economy, convenience, and fairness to the litigants.  <u>New Rock Asset</u>

---

1.    Only where the facts of a particular case are "unusually suggestive" of a retaliatory motive will temporal proximity, standing alone, support an inference of causation.  <u>Krouse v. American Sterlizer Co.</u>, 126 F.3d 494, 503 (3d Cir. 1997).

<u>Partners v. Preferred Entity Advancements</u>, 101 F.3d 1492, 1505 (3d Cir. 1996)(citation omitted).

Once jurisdiction has been exercised over the state claim, elimination of the federal claim does not deprive the court of jurisdiction to adjudicate the pendent claim. <u>Id</u>. (citing <u>Lentino v. Fringe Emp. Plans, Inc.</u>, 611 F. 2d 474, 479 (3d Cir. 1979)). However, if a federal claim is dismissed prior to trial, the district court should decline to decide the pendent state claims, "unless considerations of judicial economy, convenience, and fairness provide an affirmative justification for doing so." <u>Borough of West Mifflin v. Lancaster</u>, 45 F.3d 780, 788 (3d Cir. 1995).  Since this Court has dismissed the federal claims against Defendants, jurisdiction will be declined with respect to any pendent state law claims that Plaintiff wishes to pursue. An appropriate Order will enter.

<u>S/Richard P. Conaboy</u>
RICHARD P. CONABOY
United States District Judge

DATED: JUNE 20, 2012